David Yan (DY2343)
Law Offices of David Yan
136-20 38th Avenue, Suite 11E
Flushing, NY 11354
Tel.:  (718) 888-7788

*Attorney for the Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X   Case No.:  1:18-cv-02813
YANY'S GARDEN LLC and NARUL TONY HACK,           Date Filed:  5/11/2018

                                        Plaintiffs,            **COMPLAINT**

                          v.                                        ECF

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF BUILDINGS, NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION AND
DEVELOPMENT, RASSOUL AZARNEJAD, AMY
MARCUS, PHILLIP MATTOON, DENNIS
ZAMBOTTI, SCALA CONTRACTING CO. INC.,
NYCTL 2012-A TRUST, THE BANK OF NEW YORK
MELLON AS COLLATERAL AGENT AND
CUSTODIAN FOR THE NYCTL 2012-A TRUST, and
JOHN DOE NUMBERS 1 THROUGH 10,

                                                            JURY TRIAL DEMANDED

                          Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

         Plaintiffs YANY'S GARDEN LLC and NARUL TONY HACK (hereinafter referred to

as "Plaintiffs"), *by and through their undersigned counsel*, DAVID YAN, ESQUIRE, file this

Complaint against defendants THE CITY OF NEW YORK, NEW YORK CITY

DEPARTMENT OF BUILDINGS, NEW YORK CITY DEPARTMENT OF HOUSING

PRESERVATION AND DEVELOPMENT, RASSOUL AZARNEJAD, AMY MARCUS,

PHILLIP MATTOON, DENNIS ZAMBOTTI, SCALA CONTRACTING CO. INC., NYCTL

2012-A TRUST, THE BANK OF NEW YORK MELLON AS COLLATERAL AGENT AND

CUSTODIAN FOR THE NYCTL 2012-A TRUST, AND JOHN DOE NUMBERS 1

THROUGH 10 (hereinafter sometimes referred to collectively as "Defendants"), and allege as follows:

## JURISDICTION AND VENUE

1.     This Court has original federal question jurisdiction over this controversy pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and the Constitution of the State of New York.

2.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) on the grounds that it is based on a deprivation under color of state law of Plaintiffs' constitutional rights guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and the violations of Plaintiffs' civil rights under 42 U.S.C. §§ 1983, 1985 and 1986.

3.     This Court has supplemental jurisdiction over this controversy pursuant to 28 U.S.C. § 1367(a), as they are so related in this action within such original federal question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution to hear Plaintiffs' claims for (a) wrongful demolition, wrongful construction, wrongful eviction, trespass, conversion, conspiracy and intentional infliction of emotional distress, (b) violations of Article I Section 6 of the Constitution of the State of New York, and (c) violations of Chapter 6 of the New York City Administrative Code ("Administrative Code"), because these claims are so related to the violations of Plaintiffs' civil rights under 42 U.S.C. Sections 1983, 1985 and 1986 and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States that they form part of the same case or controversy under Article III of the Constitution of the United States.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C.
§§ 1391(b) and (c), because (a) Defendants conduct businesses in this judicial District, and a
substantial parts of the acts and/or omissions giving rise to the claims herein alleged occurred in
this judicial District; (b) the subject property is located in this judicial district, and (c) all
Defendants do business in the City and State of New York.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.
§§ 2201 and 2202.

6.      Judgment of Foreclosure and Sale under index number 7012/2013 against
property in the Queens Borough, Block 4541, Lot 10 and street address of 152-37 14th Road
a/k/a 152-37 14th Avenue, Whitestone, New York was entered on February 3, 2017 in the County
Clerk, Queens County, with Notice of Entry on March 9, 2017.

7.      The above said Judgment of Foreclosure and Sale under index number 7012/2013
entered on February 3, 2017 in the County Clerk, Queens County is defective and unenforceable
because the street address of 152-37 14th Road a/k/a 152-37 14th Avenue, Whitestone, New York
is NOT the correct street address of the subject property.

8.      The correct street address of the subject property is at 152-31 14th Road,
Whitestone, New York, which is a piece of the vacant land ("Property").

9.      The Notice of Entry on March 9, 2017 for the above said Judgment of Foreclosure
and Sale under index number 7012/2013 was served on the wrong street address at 152-37 14th
Road a/k/a 152-37 14th Avenue, Whitestone, New York.

10.     The Judgment of Foreclosure and Sale under index number 7012/2013 was
entered against the property located at the street address of 152-37 14th Road a/k/a 152-37 14th
Avenue, Whitestone, New York.

11.     A copy of the Judgment of Foreclosure and Sale under index number 7012/2013 with Notice of Entry has never been served on NARUL TONY HACK, the prior owner of the property.

12.     Motions to correct the proper description of the Property was never served upon plaintiff NARUL TONY HACK; but was only served upon the Court appointed *guardian ad litem* without plaintiff NARUL TONY HACK's knowledge.

13.     Order to amend the proper description of the Property to reflect correct street address of 152-31 14th Road, Whitestone, New York was filed on October 3, 2017 in the Queens County Clerk's Office.

14.     The October 3, 2017 Order has never been served upon plaintiff NARUL TONY HACK.

15.     Notice of Entry of the October 3, 2017 Order has never been filed with the Clerk's Office, Queens County, New York.

16.     A tax lien foreclosure is scheduled on May 11, 2018 to sell the subject Property.

17.     This case has been commenced against the Defendants within the period of one (1) year and ninety (90) days after the cause of action here in alleged accrued.

18.     This case has been commenced within the period of three (3) years after the causes of action herein alleged accrued, and is within the statute of limitations for civil rights actions under 42 U.S.C. Section 1983.

19.     Statute of limitation has not run since Defendants have failed to serve all required notices, complaints, judgments, and orders on plaintiff NARUL TONY HACK, the prior owner of the Property, and upon plaintiff YANY'S GARDEN LLC, the current owner of the Property.

20.     Statute of limitation shall be tolled until Plaintiffs become aware of the injuries.

## THE PARTIES

### Plaintiffs

21.     Plaintiff YANY'S GARDEN LLC is a limited liability company duly organized under the laws of the State of New York, doing business in the County of Queens, State of New York.

22.     Plaintiff YANY'S GARDEN LLC is the current fee owner of the property located at 152-31 14th Road, Whitestone, New York, commonly known as Block 4541 Lot 10 on the Tax Map of Queens County.

23.     Plaintiff NARUL TONY HACK is a natural person, residing in Bayside, Queens, New York.

24.     Plaintiff NARUL TONY HACK was the prior fee owner of the property located at 152-31 14th Road, Whitestone, New York, commonly known as Block 4541 Lot 10 on the Tax Map of Queens County.

25.     Plaintiff YANY'S GARDEN LLC acquired its right to sue in the instant action from Plaintiff NARUL TONY HACK by virtue of the sale of the subject property from Plaintiff NARUL TONY HACK to Plaintiff YANY'S GARDEN LLC.

### DEFENDANTS

26.     Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation duly constituted under the laws of the State of New York, with its principal offices located at the Municipal Building, One Centre Street, New York, NY 10007.

27.     NEW YORK CITY DEPARTMENT OF BUILDINGS (the "DOB") is a department or division of the City, with its principal offices located at 280 Broadway, 11 Floor, New York, NY 10007.

28.     NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT (the "HPD") is a department or division of the City, with its principal offices at 100 Gold Street, New York, NY 10038.

29.     Defendant RASSOUL AZARNEJAD was a HPD representative who approved the construction work on the Plaintiffs' subject property at the relevant times herein.  Upon information and belief, he is a resident of the City and State of New York and his place of business is c/o New York City Department of Housing Preservation and Development, 100 Gold Street, New York, NY 10038.

30.     Defendant AMY MARCUS was a Director of Operations who approved the construction work on the Plaintiffs' subject property at the relevant times herein.  Upon information and belief, she is a resident of the City and State of New York and her place of business is c/o New York City Department of Housing Preservation and Development, 100 Gold Street, New York, NY 10038.

31.     Defendant PHILLIP MATTOON is, upon information and belief, an inspector with the DOB at the relevant times herein and who inspected the subject property on September 28, 2010.  Upon information and belief, he is a resident of the City and State of New York, and his place of business is c/o New York City Department of Buildings, 280 Broadway, New York, NY 10007.

32.     Defendant DENNIS ZAMBOTTI is, upon information and belief, an Administrative Chief Inspector with the DOB at the relevant times herein and who approved inspection of the subject property on September 30, 2010.  Upon information and belief, he is a resident of the City and State of New York, and his place of business is c/o New York City Department of Buildings, 280 Broadway, New York, NY 10007.

33.     Defendant SCALA CONTRACTING CO. INC. ("Scala") is a corporation duly organized and existing under the laws of the State of New York, with a principal place of business located at 135 13th Street, Brooklyn, New York 11215-4623.

34.     Defendant NYCTL 2012-A TRUST ("NYCTL"), is a Delaware business trust which was created pursuant to the Second Amended and Restated Declaration and Agreement of Trust, dated June 1, 2012 between The City of New York and the Wilmington Trust Company, as Issuer Trustee.

35.     Defendant THE BANK OF NEW YORK MELLON ("BNY"), sued only as Collateral Agent and Custodian for THE NYCTL 2012-A TRUST, is a New York Banking Corporation.  BNY is the Collateral Agent and Custodian for NYCTL, pursuant to an Indenture dated as of June 1, 2012 between NYCTL 2012-A Trust, Issuer, MTAG Services, LLC, Servicer, Tower Capital Management, LLC, Servicer, and the Bank of New York Mellon Trustee.

36.     Defendants JOHN DOE l THROUGH 10 are fictitious names intended to designate other employees and agents of the Defendants and city agencies named herein whose names are not currently known, but who participated by their actions and/or inactions in the wrongful conduct alleged in this Complaint.

37.     Plaintiff has satisfied all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

38.     Plaintiff NARUL TONY HACK acquired the subject property located at 152-31 14th Road, Whitestone, New York, commonly known as Block 4541 Lot 10 on the Tax Map of Queens County, on March 16, 2004, recorded on May 6, 2004.

39.     The subject property located at 152-31 14th Road, Whitestone, New York, commonly known as Block 4541 Lot 10 on the Tax Map of Queens County, was a piece of vacant land without any above the ground building structure when Plaintiff NARUL TONY HACK acquired it on March 16, 2004.

40.     Plaintiff NARUL TONY HACK started to develop the subject property since November, 2004.

41.     Upon information and belief, at all times relevant to this action, Plaintiff NARUL TONY HACK's construction work on the subject property was stopped on and after June 15, 2005 and completely stopped on April 5, 2010 after the DOB issued multiple Stop Work Orders on the subject property.

42.     Upon information and belief, at all times relevant to this action, when Plaintiff NARUL TONY HACK's construction work was finally stopped on April 5, 2010, there was not any above the ground building structure other than the under the ground basement foundation and plywood fence surrounded the line of the subject property.

43.     Upon information and belief, on September 28, 2010, defendant Phillip Mattoon inspected the subject property and made "Emergency Declaration" ("ED") and ordered to (1) backfill open foundation; (2) grade site; and (3) remove plywood fence and install 8" inch chain link fence of 220 feet.

44.     Upon information and belief, on September 30, 2010, defendant DENNIS ZAMBOTTI approved the inspection report and remedy.

45.     Upon information and belief, at all times relevant to this action, on October 14, 2010, defendant Amy Marcus signed Notice to Proceed for the "Emergency Work" on the subject property.

46.     Upon information and belief, at all times relevant to this action, on December 7, 2010, defendant RASSOUL AZARNEJAD approved the work on the subject property, to "remove all debris, fencing and weeds from site[,] backfill open foundation and lot to surrounding grade.  Erect permanent 8'-0" high chain link fence 220' –0".  Work per:  (HPD-OMO #: DB00224 E-2944 Dated 10/18/2010).  No change to egress, occupancy or use".

47.     However, there was not any imminent danger to the public when defendants inspected, issued and approved the ED in or about September, October, November, and December, 2010.

48.     Defendants had never properly invoked the emergency demolition procedure.

49.     Defendants have never provided Plaintiff NARUL TONY HACK any predeprivation procedure to deprive Plaintiff NARUL TONY HACK's right to his property.

50.     Defendants never sent any notice to Plaintiff NARUL TONY HACK that the Defendants were going to take away Plaintiff NARUL TONY HACK's rights in his property.

51.     Deprivation of Plaintiff NARUL TONY HACK's rights in his property in the instant matter is not the types of discretionary decisions that could be made by Defendants.

52.     Upon information and belief, at all times relevant to this action, defendant Scala Contracting Co., Inc. ("Scala") performed the work according to the ED and approved architecture planning.

53.     None of the Defendants made any effort to notify Plaintiff NARUL TONY HACK and warn him of the scheduled construction on the subject property, not the demolition.

54.     Defendants have failed to comply with the required New York City Notice Laws. Plaintiff NARUL TONY HACK received no notice of the proposed construction, as required by

Administrative Code Sections 26-236 and 26-237.  In particular, Administrative Code Section 236(b) requires personal service if the owner can be found within the city after diligent search.

55.     Under Administrative Code Section 244(d), if the owner cannot be found within the city after diligent search, proper service includes (a) posting the notice in a conspicuous place on the premises and (b) depositing a copy of the notice in a post office in the city enclosed in a sealed, postpaid wrapper addressed to the owner at his last known place of residence.

56.     There was no service of notices and orders upon Plaintiff NARUL TONY HACK pursuant to Administrative Code Section 26-117.

57.     The City and its agencies made no diligent search for Plaintiff NARUL TONY HACK in order to serve him with notice as prescribed by Administrative Code Section 26-236(b).

58.     Plaintiff NARUL TONY HACK was within the city when the decision was made to declare an Emergency Condition as described above, and the relevant City and agency officials were well aware of his whereabouts.

59.     Employees of the City and its agencies, including HPD, knew Plaintiff NARUL TONY HACK's telephone number, and easily could have contacted him to arrange for proper personal service of a notice.

60.     The City and its agencies did not post any notice in a conspicuous place on the Property as required under Administrative Code Section 26-244(d) if an owner cannot be found within the city after diligent search.

61.     Plaintiff NARUL TONY HACK was not afforded an opportunity to be heard.

62.     Upon information and belief, a survey or inspection was performed on the Property on September 28, 2010, however only one inspector appeared, rather than the three

inspectors required under Administrative Code Section 26-238(a).  This survey or inspection was not posted on the Property as required by Administrative Code Section 26-238(b).

63.     The corporation counsel of the City of New York did not place the survey or the inspection of the Property and the notice before the justice holding a special term of the court named in the notice, as required under Administrative Code Section 26-239(a).

64.     The court did not issue a precept directed to the superintendent requiring the demolition of the Property, as required under Administrative Code Section 26-239(d).

65.     Upon information and belief, the HPD superintendent did not make a determination to seal the Property and did not provide written notice to Plaintiff NARUL TONY HACK, under Administrative Code Section 26-240(a).

66.     Upon information and belief, the superintendent did not order Plaintiff NARUL TONY HACK to vacate the Property, as required under Administrative Code Section 26-243(c) where there is "actual and immediate danger that any structure or part thereof will fall so as to endanger life or property . . . ."

67.     Upon information and belief, the superintendent ordered the structures on the Property to be demolished, where there was not such structure, without the benefit of a precept ordering Plaintiff NARUL TONY HACK to do so, as required by Administrative Code Section 26-240(a).

68.     Upon information and belief, the superintendent ordered the demolition of or construction on the Property, without considering any alternative work that could have been done to render such structure or part thereof or basement foundation or plywood fence temporarily safe from any alleged unsafe conditions, until the proper proceedings provided for unsafe structures could be instituted, as required under Administrative Code Section 26-243(b) for

structures that are in the opinion of the superintendent actual and immediate dangers that any structure or part thereof will fall so as to endanger life or property.

69.     There were no emergency conditions, immediate emergency conditions or imminent emergency conditions on the Property.  Actually, there was not any building structure above the ground level, other than the basement foundation that was properly covered, to create any imminent emergency condition and to be demolished of.

70.     The vacant land was adequately locked and safeguarded, and there was a six-foot plywood fence around the subject Property.

71.     The Defendants' ED report, which recommended an Immediate Emergency Condition, did not allege, identify or specify any emergency conditions that threatened life or property, and contained lies, misrepresentations and/or factual errors with respect to the condition of the Property.

72.     Even if the backfill of the basement foundation were required, Defendants should not have ordered to grade site, remove the entire plywood fence, and install very expensive and permanent 8" chain link fence on the vacant land.

73.     The actions taken by Defendants in categorizing the conditions of the vacant land on the Property as Immediate Emergencies were abusive, arbitrary and capricious.  Any allegations noted on the reports of the Defendants' ED as to the conditions on the Property that may have been true could easily have been remedied in an effective and efficient manner without resorting to "demolition" or grading site or installing very expensive 8" high chain link fence, since there was not any building structure to be demolished of.

74.     Upon information and belief, at all times relevant to this action, defendant the Scala billed the DOB and/or HPD for the job cost of about $17,011 in December, 2010.

**<u>Foreclosure Sale of Property</u>**

75.     Upon information and belief, at all times relevant to this action, DOB and/or HPD imposed the lien of the ED on the subject property since December, 2010.

76.     Upon information and belief, at all times relevant to this action, defendant NYCTL bought the lien of the City of New York and called it as the tax lien, which actually does not contain any component of the property tax at all, as evidenced by a certain Tax Lien Certificate 4A, dated August 8, 2012, recorded August 20, 2012, CRFN 2012000329364.

77.     The defendant NYCTL's Tax Lien covers the subject property located at 152-31 14th Road, Whitestone, New York, commonly known as Block 4541 Lot 10 on the Tax Map of Queens County.

78.     Defendant NYCTL obtained the Judgment of Foreclosure and Sale under the index number of 7012/2013 in the County of Queens, City and State of New York on February 3, 2017 ("Judgment") where the Judgment was defective and unenforceable due to the wrong description of the Property.

79.     The said Judgment of Foreclosure and Sale under the index number of 7012/2013 in the County of Queens, City and State of New York, is defective since the Judgment is only affecting the wrong street address at 152-37 14th Road a/k/a 152-37 14th Avenue, Whitestone, New York.

80.     The Judgment cannot be executed because the Judgment is defective.

81.     Order to amend the proper description of the Property to reflect correct street address of 152-31 14th Road, Whitestone, New York was filed on October 3, 2017 in the Queens County Clerk's Office; was never served upon plaintiff NARUL TONY HACK, and was never entered by Notice of Entry to the Clerk's Office, Queens County, New York.

82.     Defendant NYCTL attempted to sell so called Tax Lien through Tower Capital Management on May 11, 2018.

83.     As a result of the foregoing, Plaintiffs have suffered grievous injuries, financially, physically and emotionally.  The above events have severely impacted Plaintiff NARUL TONY HACK's physical condition, including (a) causing him to experience abdominal pain, (b) aggravating his digestive disorders, (c) causing him to suffer sleep deprivation, and (d) generally making it difficult for him to function normally.  In addition, since the events described above, Plaintiff NARUL TONY HACK continually suffers pain from various psychological and emotional conditions, including paranoia, depression and anxiety.

## COUNT 1

### VIOLATION OF 42 U.S.C. SECTION 1983
[Unlawful Seizure, Due Process and Equal Protection Clauses of the Fourth, Fifth and Fourteenth Amendments]

84.     Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

85.     At all relevant times herein, Plaintiffs were guaranteed the rights under the due process and equal protection clauses of the constitutions of the United States and New York State not to be deprived of their constitutionally protected interests in their property.

86.     At all relevant times herein, Defendants were state actors and their conduct was subject to the provisions of 42 U.S.C. Section 1983.

87.     At all relevant times herein, the Property was a piece of the vacant land.

88.     At all relevant times herein, there was not any above the ground building structures in the Property other than a basement foundation that was properly covered.

89.     The Property was not in an emergency condition, much less were they in an immediate emergency condition or an imminent emergency condition.

90.     Since there was no emergency with respect to the condition of the buildings, *if any,* on the Property, Plaintiff NARUL TONY HACK was entitled to a pre-deprivation hearing prior to the backfill of the foundation, grade site, install very expensive ***PERMANENT*** 8" chain link fence, and the demolition of the buildings, *if any*, as required under the Fourteenth Amendment and under Administrative Code Sections 26-236 through 26-249 (the "Unsafe Buildings Procedures").

91.     Defendants prevented Plaintiff NARUL TONY HACK from receiving a pre-deprivation hearing with respect to the demolition of the buildings and constructions on the Property by failing to provide notice to Plaintiff NARUL TONY HACK timely and adequately under the City's Unsafe Buildings Procedures.

92.     As a result of their actions and inactions, Defendants unlawfully deprived Plaintiff NARUL TONY HACK of his procedural due process rights, privileges and immunities secured to him by the Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

93.     As a direct and proximate result of Defendants' violations of Plaintiff NARUL TONY HACK's procedural due process rights, Plaintiff NARUL TONY HACK suffered grievous financial, physical and emotional injuries as described above.

94.     Defendants' deceitful declaration of Immediate Emergencies with respect to the Property and the unlawful demolition of the buildings, where there was not any building to be demolished on the Proprety, and the unlawful construction on the subject Property, conducted in conspiracy in the manner described above and in willful and total disregard of the well-known

and established Unsafe Buildings Procedures constitute an unlawful seizure in violation of the Fourth Amendment to the United States Constitution, and thus violate 42 U.S.C. Section 1983.

95.     The deprivation described above was carried out by each Defendant individually, and by all Defendants collectively as co-conspirators, under the color of New York State Law, including such law as has been delegated to the municipality, the City, and thus under the color of New York State law.

96.     The deprivation described above was carried out by each Defendant individually, and by all Defendants collectively as co-conspirators, willfully, maliciously, intentionally, wantonly, and with full knowledge that Plaintiff NARUL TONY HACK's said constitutional rights to due process were being egregiously violated as described above.  To the extent that, hypothetically, any Defendant may allege and be able to prove lack of actual intent to harm Plaintiff NARUL TONY HACK, such Defendant would have then committed such acts with such depraved indifference to Plaintiff NARUL TONY HACK's constitutional rights under the Fourth, Fifth and Fourteenth Amendment and the Unsafe Buildings Procedures as to be deemed to have committed such acts with the full equivalent under the law.

97.     Therefore, by reason of the exceptionally well-known nature of the Unsafe Buildings Procedures, particularly among these Defendants, who purportedly deal with such situations on a daily basis, Defendants have acted as described above with intent and malice and/or reckless and callous indifference to the constitutional rights of Plaintiff NARUL TONY HACK, so as to warrant the imposition of punitive and exemplary damages against all the Defendants that are natural persons or corporations (i.e., with the exception of the City).

98.     As a proximate result of Defendants' violations of Plaintiff NARUL TONY HACK's rights to protection from unlawful seizure, both Plaintiffs have suffered grievous financial, physical and emotional injuries as described above.

99.     Defendants, individually and collectively as co-conspirators, intentionally treated Plaintiff NARUL TONY HACK diligently from all others similarly situated and there is no rational basis for the difference in treatment.  Plaintiff NARUL TONY HACK was subjected to intentional, arbitrary and unjustifiable discrimination by Defendants in the application, misapplication or non-application of the well-known and established Unsafe Buildings Procedures.

100.    Defendants have thereby deprived Plaintiff NARUL TONY HACK of the equal protection of the laws guaranteed to him by the Fourteenth Amendment to the United States Constitution.

101.    Therefore, Plaintiffs are entitled to recover from all Defendants five million dollars ($5,000,000.00) in compensatory damages, and to recover from the Defendants who are natural persons or corporations (i.e., against all non-City Defendants) punitive and exemplary damages of five million dollars ($5,000,000.00), plus interest from December 16, 2010 and Plaintiffs' costs in this action, including attorneys' fees.

## COUNT 2

## VIOLATION OF ARTICLE 1, SECTION 6 OF THE NEW YORK STATE CONSTITUTION

102.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

103.     This claim, arising out of the same facts and circumstances as the federal claims herein and thus part of the same case or controversy as the federal claims, is asserted under the supplemental jurisdiction of this Court.

104.     Article I, Section 6 of the Constitution of the State of New York provides that no "person shall be deprived of life, liberty or property without due process of law."

105.     As described above, the Defendants' actions and inactions were in violation of Article I, Section 6 of the Constitution of the State of New York.

106.     As a result, Plaintiff NARUL TONY HACK has been deprived of the basement foundation on the Property that cost Plaintiff NARUL TONY HACK over $50,000.00 to build.

107.     Therefore, Plaintiffs is entitled to recover from all Defendants five million dollars ($5,000,000.00) in compensatory damages, and to recover from the Defendants who are natural persons or corporations (i.e., against all non-City Defendants) punitive and exemplary damages of five million dollars ($5,000,000.00), plus interest from December 16, 2016 and Plaintiffs' costs in this action, including attorneys' fees.

## COUNT 3

## TRESPASS, INJURY TO PROPERTY, WRONGFUL DEMOLITION AND CONVERSION

108.     Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

109.     This claim, arising out of the same facts and circumstances as the federal claims herein and thus part of the same case or controversy as the federal claims, is asserted under the supplemental jurisdiction of this Court.  At all relevant times, Plaintiff NARUL TONY HACK owned and possessed the Property to the exclusion of rights of all others, including the Defendants.

110.    As described above, Defendants, individually and collectively as co-conspirators, in violation of the Unsafe Buildings Procedures and without a validly obtained court precept, unlawfully broke into and entered upon the Property.

111.    In the course of and in the furtherance of such trespass upon the Property, Defendants committed a wrongful demolition, or more accurately a wrongful construction, on the vacant land, and damaged, destroyed and/or removed Plaintiff NARUL TONY HACK's basement foundation and plywood fence.

112.    In the course of the demolition or construction on the Property, Defendants intentionally, willfully and wantonly, destroyed, damaged and/or removed all Plaintiff NARUL TONY HACK's basement foundation and plywood fence and installed the Defendants' very expensive 8" high chain linked fence on the Property.  To the extent that, hypothetically, any Defendant may allege and be able to prove lack of actual intent to harm Plaintiffs, such Defendant would have then committed such acts with such depraved indifference as to be deemed to have committed such acts with the full equivalent under the law.

113.    Such trespass, injury to property, wrongful demolition, construction, and damage, destruction and conversion of Plaintiffs' Property were carried out by each Defendant individually, and by all Defendants collectively as co-conspirators, willfully, maliciously, intentionally, wantonly, and with full knowledge that Plaintiff NARUL TONY HACK's said constitutional rights to due process were being egregiously violated as described above.  To the extent that, hypothetically, any Defendant may allege and be able to prove lack of actual intent to harm Plaintiff NARUL TONY HACK, such Defendant would have then committed such acts with such depraved indifference as to be deemed to have committed such acts with the full equivalent under the law.

114.     Therefore, Plaintiffs are entitled to recover from all Defendants five million dollars ($5,000,000.00) in compensatory damages, and to recover from the Defendants who are natural persons or corporations (i.e., against all non-City Defendants) punitive and exemplary damages of five million dollars ($5,000,000.00), plus interest from December 16, 2010 and Plaintiffs' costs in this action, including attorneys' fees.

## COUNT 4

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

115.     Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

116.     This claim, arising out of the same facts and circumstances as the federal claims herein and thus part of the same case or controversy as the federal claims, is asserted under the supplemental jurisdiction of this Court.

117.     As described above, the conspiracy, trespass, wrongful demolition, construction, and conversion were carried out by each Defendant individually, and by all Defendants collectively as co-conspirators, willfully, maliciously, intentionally, wantonly, and with full knowledge that Plaintiff NARUL TONY HACK's said constitutional rights to due process were being egregiously violated.  To the extent that, hypothetically, any Defendant may allege and be able to prove lack of actual intent to harm Plaintiff NARUL TONY HACK, such Defendant would have then committed such acts with such depraved indifference to Plaintiff NARUL TONY HACKs constitutional rights under the Fourteenth Amendment and the Unsafe Buildings Procedures as to be deemed to have committed such acts with the full equivalent under the law.

118.     As described above, Defendants' actions and inactions were extreme and outrageous.

119.     As described above, Defendants' actions and inactions caused Plaintiff NARUL TONY HACK to suffer severe emotional distress.

120.     As described above, Defendants' actions and inactions were the direct and proximate cause of Plaintiff NARUL TONY HACK's emotional distress.

121.     Therefore, Plaintiff NARUL TONY HACK is entitled to recover from all Defendants five million dollars ($5,000,000.00) in compensatory damages, and to recover from the Defendants who are natural persons or corporations (i.e., against all non-City Defendants) punitive and exemplary damages of five million dollars ($5,000,000.00), plus interest from December 16, 2016 and Plaintiff NARUL TONY HACK's costs in this action, including attorneys' fees.

## COUNT 4

## FAILURE TO PROTECT

122.     Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

123.     This claim, arising out of the same facts and circumstances as the federal claims herein and thus part of the same case or controversy as the federal claims, is asserted under the supplemental jurisdiction of this Court.

124.     As described above, the conspiracy, trespass, wrongful demolition and conversion were carried out by each Defendant individually, and by all Defendants collectively as co-conspirators, willfully, maliciously, intentionally, wantonly, and with full knowledge that Plaintiff NARUL TONY HACK's said constitutional rights to due process were being egregiously violated.  To the extent that, hypothetically, any Defendant may allege and be able to prove lack of actual intent to harm Plaintiff NARUL TONY HACK, such Defendant would have

then committed such acts with such depraved indifference to Plaintiff NARUL TONY HACK's constitutional rights under the Fourteenth Amendment and the Unsafe Buildings Procedures as to be deemed to have committed such acts with the full equivalent under the law.

125.    Defendant City and various City agencies have a duty to protect the citizens of New York City from injuries to their property.

126.    Defendant City, including the City agencies did not protect Plaintiff NARUL TONY HACK's property from injury.

127.    Therefore, both Plaintiffs are entitled to recover from the City and its agencies five million dollars ($5,000,000.00) in compensatory damages, plus interest from December 16, 2010 and Plaintiffs' costs in this action, including attorneys' fees.

## COUNT 5

## NEGLIGENCE

128.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

129.    This claim, arising out of the same facts and circumstances as the federal claims herein and thus part of the same case or controversy as the federal claims, is asserted under the supplemental jurisdiction of this Court.

130.    In conducting the demolition of the buildings or construction of structures on the Property, Defendants had a duty to minimize the damage to Plaintiffs' property.

131.    Defendants' actions and inactions, in (a) misrepresenting the conditions on the Property, (b) failing to consider alternative remedies, (c) failing to take all reasonable safety precautions, (d) hastening demolition or consturction work to avoid judicial intervention, and (d) failing to adequately protect Plaintiffs' property, were negligent, reckless and careless.

132.    As a result, Plaintiffs have been deprived of the basement foundation on the Property due to the Defendants' wrongful action.

133.    Therefore, both Plaintiffs are entitled to recover from all Defendants five million dollars ($5,000,000.00) in compensatory damages, and to recover from the Defendants who are natural persons or corporations (i.e., against all non-City Defendants) punitive and exemplary damages of five million dollars ($5,000,000.00), plus interest from December 16, 2010 and Plaintiffs' costs in this action, including attorneys' fees.

## COUNT 6

## ILLEGAL TAX LIEN FORECLOSURE

134.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

135.    This claim, arising out of the same facts and circumstances as the federal claims herein and thus part of the same case or controversy as the federal claims, is asserted under the supplemental jurisdiction of this Court.

136.    Defendants attempt to sell the Tax Lien for $76,400 to the general public on May 11, 2018 by foreclosure.

137.    Since Defendants have failed to serve the Judgment upon plaintiff YANY'S GARDEN LLC and NARUL TONY HACK and failed to serve the October 3, 2017 Order amended the proper description of the Property, the Defendants' foreclosure proceeding is subject to reopen and dismissal.

138.    Defendants' attempted Tax Lien Foreclosure on May 11, 2018 will deprive both Plaintiffs' right to the Property.

139.    Defendants' attempted Tax Lien Foreclosure Sale on May 11, 2018 is illegal.

140.     Defendants' attempted Tax Lien Foreclosure Sale on May 11, 2018 will cause irreparable harm to Plaintiffs.

141.     Therefore, both Plaintiffs are entitled to recover from all Defendants five million dollars ($5,000,000.00) in compensatory damages, and to recover from the Defendants who are natural persons or corporations (i.e., against all non-City Defendants) punitive and exemplary damages of five million dollars ($5,000,000.00), plus interest from December 16, 2010 and Plaintiffs' costs in this action, including attorneys' fees.

### Tolling Statue of Limitations

142.     Due to the Defendants' willful violations of Plaintiffs' constitutional rights afforded to Plaintiffs under the laws, the statute of limitations on all counts shall be tolled to allow Plaintiffs to file the instant action timely.

143.     Due to the Defendants' fraudulent concealment of the Plaintiffs' rights afforded to Plaintiffs under the constitutions of the United States and the State of New York, the statute of limitations on all counts shall be tolled to allow Plaintiffs to file the instant action timely.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for relief as follows:

(a)     Upon the First, Second, Third, Fifth, and Sixth Counts: Awarding to both Plaintiffs (i) a judgment against all Defendants, jointly and severally, in the sum of $5,000,000.00 in compensatory damages, (ii) a judgment against all Defendants, jointly and severally, in the sum of $5,000,000.00 as and for punitive and exemplary damages, (iii) vacate the Tax Lien as well as the Judgment of Foreclosure and Sale under index number of 7012/2013 (Queens County), and all

penalties and fines assessed by Defendants or any other City agency with respect to the Property;

(b)     Upon the Fourth Count:  Awarding to Plaintiff NARUL TONY HACK (i) a judgment against all Defendants, jointly and severally, in the sum of $5,000,000.00 in compensatory damages, and (ii) a judgment against all Defendants, jointly and severally, in the sum of $5,000,000.00 as and for punitive and exemplary damages;

(c)     Upon the First, Second, Third, Fourth, Fifth, and Sixth Counts:  ***STOP*** the foreclosure sale of the Tax Lien, vacate the Tax Lien, and vacate the Judgment of Foreclosure and Sale under index number of 7012/2013 (Queens County), and all penalties and fines assessed by Defendants or any other City agency with respect to the Property.

(d)     Upon all Counts, tolling the Statute of Limitations;

(e)     Awarding prejudgment interest from December 16, 2010 and post-judgment interest;

(f)     Awarding costs, disbursements, and expenses of this action together with reasonable attorneys' fees and expert fees pursuant to in accordance with 42 U.S.C. Section 1988; and

(g)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **<u>JURY DEMAND</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by Jury on all issues.

Dated: Flushing, New York
         May 10, 2018

                              Respectfully submitted,

                              **LAW OFFICES OF DAVID YAN**

         By:    /s/ David Yan/
                              David Yan (DY2343)
                              Law Offices of David Yan
                              136-20 38th Avenue, Suite 11E
                              Flushing, New York 11354
                              Tel:  (718) 888-7788

                              *Attorney for Plaintiffs*