```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

YANY'S GARDEN LLC AND NARUL TONY
HACK,
                                            MEMORANDUM & ORDER
                   Plaintiffs,              18-cv-2813(EK)(RML)

        -against-

The City of New York, New York City
Department of Buildings, New York
City Department of Housing
Preservation and Development et al.,

                   Defendants.

---------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Plaintiffs Yany's Garden LLC and Narul Tony Hack are the successive owners of a property located at 152-31 14th Road in Whitestone, New York (the "property").[1] After the City of New York condemned the property and levied a tax lien against it, they filed this action together in May 2018, alleging violations of 42 U.S.C. § 1983 and various New York state laws. Plaintiffs amended their complaint in November 2018. On January 15, 2020, Judge Nicholas Garaufis[2] granted a motion to dismiss certain defendants from the case outright; as to other defendants, he

---

[1] Hack bought the property in 2004 and sold it to Yany's Garden LLC sometime prior to May 2018 (the complaint does not say when). *Id.* ¶¶ 25-26, 29.

[2] This case was transferred to the undersigned on February 12, 2020.

1

granted the motion to dismiss in part and denied it in part.[3] *See Yany's Garden LLC v. City of New York*, No. 18-CV-2813, 2020 WL 224701, at *1 (E.D.N.Y. Jan. 15, 2020) (the "Order"). On January 29, 2020, Plaintiffs moved for reconsideration of the Order. They argue that the Order erred by (a) dismissing Plaintiffs' Section 1983 claim on statute-of-limitations grounds, when the relevant limitations period should have been left to the jury to decide; and (b) relying on the *Rooker-Feldman* doctrine to dismiss Plaintiffs' "illegal tax lien foreclosure" count. For the following reasons, the motion for reconsideration is denied.

## I. Background

The Court assumes familiarity with the factual and procedural history set forth in the January 15, 2020 Order. Briefly, after Hack acquired the property — a vacant lot — in 2004, he began construction of a building. Am. Compl. ¶¶ 43-44. Construction ceased shortly thereafter and, the City determined,

---

[3] As discussed further below, Judge Garaufis's Order dismissed two defendants outright: the NYCTL 2012-A Trust (a tax-lien trust formed by the City of New York, referred to in this Order as "NYCTL"), and NYCTL's "collateral agent and custodian," the Bank of New York Mellon (together with NYCTL, the "Trust Defendants"). *See* Order at *1. He granted the motion to dismiss certain counts against the City of New York ("NYC" or the "City"), the NYC Department of Buildings ("DOB"), the NYC Department of Housing Preservation and Development ("HPD"), HPD employees Rassoul Azarnejad and Amy Marcus, and DOB employees Philip Mattera and Dennis Zambotti (collectively, the "City Defendants"), but denied the motion to dismiss as to one count against them. *Id.* Defendant Scala Contracting Co., Inc. ("Scala") was served on November 30, 2018 but has not appeared in this case. *Id.* at 2 (citing ECF No. 35).

the construction zone remained in dangerous condition. *See id.* ¶¶ 46-47. In or around September 2010, the City Defendants issued an "Emergency Declaration" directing that the property's open foundation be filled, the site be graded, and the plywood fence be replaced with a chain-link fence. *Id.* ¶ 47. The City engaged defendant Scala to perform that work; in December 2010, Scala billed the City $17,011. *Id.* ¶¶ 56, 78. Plaintiffs allege that the City Defendants failed to notify Hack of the 2010 Emergency Declaration or the work required, s*ee, e.g.,* *id.* ¶¶ 54, 57-58, despite Hack's having been "within the city when the [declaration] was made." *Id.* ¶ 62. Later, the City's Department of Finance ("DOF") passed the cost of Scala's work on to plaintiff Hack. *See id.* ¶¶ 79-80.

The City placed a tax lien on the property, which it subsequently sold to defendant NYCTL (a trust formed by the City) in August 2012. *Id.* The lien remained unresolved through February 3, 2017, when a judgment of foreclosure was entered against the property. *Id.* ¶ 82. Plaintiffs allege that Hack was not served with notice of this judgment, either. *Id.* ¶ 11. On May 11, 2018, NYCTL auctioned the property at a foreclosure sale; however, for reasons that are unclear on the face of the complaint, that sale did not proceed, and on October 12, 2018, the Trust Defendants repurchased the property for $200. *Id.* ¶¶ 86-87, 142-44.

3

Plaintiffs' sole federal claim, brought pursuant to 42 U.S.C. § 1983, alleges that Defendants violated the due process clause by failing to provide Hack with notice and a "pre-deprivation hearing" before commencing work on the property. *Id.* ¶¶ 94-96. Plaintiffs maintain that the property was "not in an emergency condition," and that the failure to provide notice and a hearing deprived them of the ability to contest the need for such work. *Id.*

Judge Garaufis held this claim to be barred by the statute of limitations. His Order noted that although "[t]he Amended Complaint does not state when Hack first became aware of the work completed pursuant to the Emergency Declaration," Order at *2, it was appropriate to take judicial notice of the "Statement of Account" notice posted to Hack's own online account with the DOF on June 10, 2011, which Defendants had attached to their motion to dismiss. *Id.* at *4-5; *see also* ECF No. 20-7 at 3. That notice included a $17,011 charge for the work undertaken by Scala, labeled as "demolition." *Id.* at *5. Based on this posting, the Court held that Hack had "reason to know" of his alleged injury at least as early as June 2011, and therefore the statute of limitations began to run then, at the latest. *Id.* On that basis, the Court determined that the three-year statute of limitations expired well before Plaintiffs commenced this action in May 2018. *Id.* *5-6.

4

In addition to the Section 1983 claim, Plaintiffs brought several state-law claims against the City Defendants, including for a due process violation under Article 1, Section 6 of the New York Constitution and for trespass, injury to property, conversion, intentional infliction of emotional distress, failure to protect, and negligence. *Id.* ¶¶ 107-138. They also brought what they styled as an "illegal tax lien foreclosure" claim against the Trust Defendants. *Id.* ¶¶ 139-149.

The Order dismissed all of Plaintiffs' state-law tort claims against the City Defendants because Plaintiffs failed to plead compliance with New York's notice-of-claim requirement. *Id.* at *7. Additionally, Judge Garaufis held that the Court lacked jurisdiction over all claims challenging the state foreclosure judgment because of the *Rooker-Feldman* doctrine, which bars what are essentially federal-court appeals of unfavorable state-court dispositions. *Id.*

The Order therefore granted the Trust Defendants' motion to dismiss in its entirety. *Id.* at *1. The only claim to survive was the New York State due process claim, which the City had not sought to dismiss. *Id.* The City has subsequently indicated that it will move for judgment on the pleadings on

5

this claim. ECF No. 48.[4] Finally, Judge Garaufis also denied Plaintiffs' second request to amend the complaint, noting they had not specified the ways in which they would amend, nor had they filed a formal motion. *Id.* at *7.

On January 29, 2020, Plaintiffs filed the instant motion for reconsideration of the January 15, 2020 Order. ECF No. 40. This motion also included a one-sentence request for leave to amend. *Id.* at 2. On February 22, 2020, without seeking leave, Plaintiffs submitted a proposed second amended complaint. ECF No. 44-3.

## II. Legal Standard

A motion for reconsideration "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). "Clear error" or "manifest injustice" may occur where "the court overlook[ed] controlling decisions or factual matters that were put before it on the underlying motion and which, if examined,

---

[4] The Court will set a briefing schedule for this motion in a separate order.

6

might reasonably have led to a different result." *See Richmond v. Select Portfolio Servicing Inc.*, 14-cv-41678, 2016 WL 743397, at *8 (E.D.N.Y. Feb. 22, 2016) (internal quotations omitted) (citing *Eisemann v. Greene,* 204 F.3d 393, 395 n.2 (2d Cir. 2000)).  However, the movant may not seek "solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotations omitted).

### III. Discussion

The Court addresses the three arguments in Plaintiffs' motion for reconsideration in sequence.

A. <u>Hack's Section 1983 Claim – Statute of Limitations</u>

Plaintiffs contend that Judge Garaufis erred in dismissing the Section 1983 claim (Count 1) on statute-of-limitations grounds.  Mot. for Reconsideration at 3, ECF No. 40. They argue that "[w]hether or not Plaintiff Hack had actual or constructive notice that would bar Plaintiffs from tolling the statute of the limitation is an issue reserved for jury."[5]  *Id.*

---

[5] Plaintiffs do not argue that the statute of limitations period for this claim differs as to plaintiff Yany's Garden LLC.

This argument is incorrect as a matter of law. "'Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises a statutory bar,' such as lack of timeliness, 'as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015) (quoting *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008)).[6] It follows that a court may take judicial notice of a matter of public record for the purpose of establishing a plaintiff's actual or constructive notice of a claim, which triggers the start of the limitations period. *See Staehr*, 547 F.3d at 425-26 (in ruling on a 12(b)(6) motion, it was appropriate for the district court to take judicial notice of news articles to establish plaintiffs' "inquiry notice" for statute-of-limitations purposes); *see also Dodds v. Cigna Sec., Inc.*, 12 F.3d 346, 352 n.3 (2d Cir. 1993) (question of constructive notice may be resolved as a matter of law at the pleading stage).

The Order properly took judicial notice of the posting to Plaintiffs' DOF account, which is publicly available, and

---

[6] In their motion to dismiss, Defendants asserted this statute-of-limitations defense and appended the 2011 DOF Statement of Account. ECF No. 20-11 at 8; *see also Staehr*, 547 F.3d at 426 (defendant may assert affirmative defense in a 12(b)(6) motion, predicated on a record that may be the subject of judicial notice).

8

determined that the statute of limitations for the Section 1983 claim began running as of the date of that posting (at the latest).[7] *See Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) ("Section 1983 actions in New York are subject to a three-year statute of limitations, running from the time a plaintiff knows or has reason to know of the injury giving rise to the claim.") (cleaned up); *see also Smith v. City of New York*, 664 F. App'x 45, 47 (2d Cir. 2016) (a Section 1983 claim "accrues even though the full extent of the injury is not then known or predictable") (citing *Wallace v. Kato*, 549 U.S. 384, 391 (2007)).

Therefore, Plaintiffs have not shown clear error in the dismissal of Count 1 as time-barred.

B.   Tax Lien Foreclosure – *Rooker-Feldman* Dismissal

Judge Garaufis dismissed Plaintiffs' Count 6 — for "illegal tax lien foreclosure" — on *Rooker-Feldman* grounds. The *Rooker-Feldman* doctrine prohibits federal courts from considering cases that "essentially amount to appeals of state court judgments" like the New York foreclosure proceeding. *See* Order at *7 (citing *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)). In moving for

---

[7] Judge Garaufis noted that plaintiff Hack would have had reason to review the Statement of Account in order to fulfill his legal obligation to pay taxes. Order at *5.

9

reconsideration, Plaintiffs challenge the application of *Rooker-Feldman* on two grounds.

First, Plaintiffs claim that the *Rooker-Feldman* dismissal was erroneous because Judge Garaufis did not consider the Trust Defendants' "violation of [the Bankruptcy Code's] automatic stay." Mot. for Reconsideration at 3-4. Plaintiff Hack, they say, filed for bankruptcy in 2010, and the foreclosure proceeding thus occurred in violation of the automatic stay of 11 U.S.C. § 362. *Id.* Accordingly, the argument goes, the foreclosure judgment was *void ab initio* under federal law. *Id.*

The immediate problem with this argument is that it relies on factual assertions found nowhere in the amended complaint. A party may not assert new allegations or a new legal theory on a motion for reconsideration. *See, e.g., Analytical Surveys*, 684 F.3d at 36; *see also Gold v. Deutsche AG,* 365 F.3d 144, 149 n.4 (2d Cir. 2004) (district court properly disregarded new allegations made in a motion for reconsideration when plaintiff knew those underlying facts when he filed his complaint).[8] Accordingly, the alleged violation of

---

[8] Plaintiffs first alleged the 11 U.S.C. § 362 theory and the fact of the bankruptcy proceeding in their opposition to Defendants' motion to dismiss. ECF No. 27 at 17. However, a plaintiff cannot amend a complaint by way of an opposition brief, and therefore it was proper for Judge Garaufis not to consider the claim. *See, e.g., D'Alessandro v. City of New York*, 713 F. App'x 1, 11 n.12 (2d Cir. 2017); *Colon v. Mark-Viverito*, 16-CV-4540, 2018 WL 1565635, at *8 n.9 (S.D.N.Y. Mar. 26, 2018); *McCloud v. Cutler,* 06-cv-5443, 2008 WL 906701, at *3, n.4 (E.D.N.Y. Apr.3, 2008).

10

the automatic stay cannot now form the basis of a successful motion for reconsideration.

Second, Plaintiffs argue that *Rooker-Feldman* does not apply because they are not complaining of "injuries caused by a state court's judgment," see *Vossbrinck*, 773 F.3d at 423, but instead are complaining about injury to federal rights: the "procedural due process right, substantive equal protection right and substantive due process right," all of which were allegedly violated when the Trust Defendants "unreasonably took the Plaintiffs' property without reasonable compensation" in connection with the foreclosure sale in 2018. Mot. for Reconsideration at 4.

Like their bankruptcy argument, this contention — that the claim for "illegal tax lien foreclosure" rests on federal constitutional, rather than state-law, grounds — is not alleged in the amended complaint. Rather, Plaintiffs raised this claim, too, for the first time in their brief opposing the motion to dismiss. ECF No. 27 at 18. Moreover, the new argument is contradicted by the amended complaint itself, which treats the "illegal tax lien foreclosure" claim as a state-law, rather than federal, violation.

As Judge Garaufis pointed out, the amended complaint "does not explain the source of law allowing it to bring a claim of illegal tax lien foreclosure." Order at *7. However,

11

Plaintiffs' counsel conceded at the August 26, 2020 conference that the amended complaint alleges the "illegal tax lien foreclosure" count under state, not federal, law. Aug. 26, 2020 Tr. 42:3-11. And in setting out the "illegal tax lien foreclosure" claim in Count 6, the amended complaint says that it "is asserted under the supplemental jurisdiction of this court," Am. Compl. ¶ 140 — jurisdiction that applies, by definition, to state claims rather than federal. *See* 28 U.S.C. § 1367. The amended complaint also states that Count 6 is part of the "same case or controversy as the federal claims," thus implying that Count 6 itself is not a federal claim. Am. Compl. ¶ 140. Lastly, the Section 1983 allegations in Count 1 are solely based on the 2010 Emergency Declaration — not the 2018 foreclosure sale.

Plaintiffs cannot use their motion for reconsideration to dress up the "illegal tax lien foreclosure" state-law claim in the language of due process and thereby overcome *Rooker-Feldman*. There was no clear error in dismissing Count 6 on *Rooker-Feldman* grounds.

### IV. Request to Amend the Complaint

Plaintiffs also request leave to amend the complaint. Mot. for Reconsideration at 2. The proposed complaint would include new allegations (discussed above) about Hack's bankruptcy proceeding and the automatic stay. ECF No. 44-3 ¶¶

12

79-82, 84, 150-164, 166. It would also add a new count under 11 U.S.C. § 362. *Id.* ¶¶ 150-164.

Although the Court must allow leave to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), it "may be denied when there is undue delay in bringing the motion." *Peele v. New York City Dep't of Soc. Servs./Human Res. Admin.*, 112 F.3d 505 (2d Cir. 1996). Plaintiffs filed this proposed complaint over twenty-one months after initiating the action in May 2018, almost fifteen months after filing their first amended complaint, and after all but one of their claims were dismissed.[9] *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (affirming district court's denial of motion to amend to assert a new claim "more than 17 months after bringing suit, more than six months after filing their second amended complaint, and more than one month after responding to the motion for summary judgment"). In the proposed complaint, they assert substantially the same claims as those dismissed in the January 15, 2020 Order, and add facts and legal theories that were all available to them in May 2018. They filed no formal

---

[9] Leave to amend is especially inappropriate after dismissal has been granted. *Cf. Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)."); *National Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 244 (2d Cir. 1991) ("Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint.").

motion to amend and otherwise provided no explanation for the delay.  *See Weaver v. Indymac Fed. Bank, FSB*, 488 F. App'x 522, 523 (2d Cir. 2012) (district court did not abuse discretion in denying motion to amend, "especially since [plaintiff] provided no explanation as to why he was unable to raise those claims earlier"); *see also Goss v. Revlon, Inc.*, 548 F.2d 405, 407 (2d Cir. 1976) ("The appellant, in seeking to add myriad new claims, advances no reason for his extended and undue delay, other than ignorance of the law; such a failure has been held an insufficient basis for leave to amend.").  Accordingly, Plaintiffs' request to amend the complaint is denied.

## V. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration and request to amend the complaint are denied.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   September 2, 2020
         Brooklyn, New York