```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

YANY'S GARDEN LLC AND NARUL TONY
HACK,
                                        MEMORANDUM & ORDER
           Plaintiffs,                  18-CV-2813(EK)(RML)

           -against-

The City of New York, New York City
Department of Buildings, New York
City Department of Housing
Preservation and Development, et
al.,

           Defendants.

-----------------------------------x
```

ERIC KOMITEE, United States District Judge:

        This action arises out of Plaintiffs' claim that the City of New York and other defendants unlawfully condemned and levied a tax lien against Plaintiffs' property in Queens, New York. On January 15, 2020, the Honorable Nicholas Garaufis granted Defendants' motion[1] to dismiss nearly all claims in the complaint, including the sole federal claim asserted under 42 U.S.C. § 1983. However, apparently due to an oversight, the January 15 filing did not include a motion by the City

---

[1] All defendants moved to dismiss except for defendant Scala Contracting Co., Inc., which was served on November 30, 2018 but has not appeared in this case. See ECF No. 35.

1

Defendants[2] to dismiss the due process claim against them under Article 1, Section 6 of the New York State Constitution; therefore, it survived. On September 2, 2020, this Court[3] denied Plaintiffs' motion for reconsideration of Judge Garaufis's order. Familiarity with the January 15th and September 2nd orders, and the underlying facts in this case, is assumed.

The City Defendants now move for judgment on the pleadings, arguing that the Court should not exercise supplemental jurisdiction over the remaining state-law claim. The relevant statute, 28 U.S.C. § 1367, provides that "district courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." There are no remaining federal claims in this action, nor does diversity jurisdiction exist. When a case is in this posture, a court "must reassess its jurisdiction over the case by considering several related factors — judicial economy, convenience, fairness, and comity." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004). Although Section 1367 is "permissive rather than mandatory," *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir.

---

[2] The "City Defendants" are the City of New York ("NYC" or the "City"), the NYC Department of Buildings ("DOB"), the NYC Department of Housing Preservation and Development ("HPD"), HPD employees Rassoul Azarnejad and Amy Marcus, and DOB employees Philip Mattera and Dennis Zambotti.

[3] This case was transferred to the undersigned on February 12, 2020.

2

2003), "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

Therefore, dismissal under Section 1367 is appropriate where, as here, the federal claims were dismissed at the motion to dismiss stage, well before discovery or trial. *See, e.g.*, *Page v. Oath Inc.*, No. 17-CV-6990, 2018 WL 1406621, at *4 (S.D.N.Y. Mar. 20, 2018) (declining to exercise supplemental jurisdiction because "the federal claim against [defendant] [was] dismissed on a Rule 12(b)(6) motion, while discovery [was] stayed pending the resolution of this motion"), *aff'd sub nom. Page v. United States Agency for Glob. Media*, 797 F. App'x 550 (2d Cir. 2019).  In addition, because the parties dispute at what point the New York State Constitution claim's statute of limitations accrued, the Court notes that "[t]he dismissal will not have any impact on the statute of limitations for these claims, because, pursuant to 28 U.S.C. § 1367(d), the limitations period is tolled while the claims are pending and

3

for 30 days after they are dismissed." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008).

Also, defendant Scala Contracting Co., Inc. ("Scala"), which performed the alleged demolition work on Plaintiffs' property, was served on November 30, 2018 but has not appeared in this case. *See* ECF No. 35. Although defendant Scala has not moved to dismiss the action, the Court dismisses the case against Scala sua sponte for failure to state a claim. *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) ("[A] district court has the power to dismiss a complaint sua sponte for failure to state a claim on which relief can be granted" as long as the court gives "the plaintiff an opportunity to be heard."). Plaintiffs assert the same 42 U.S.C. § 1983 claim against Scala as they did against the City, which fails for the reasons set forth in the Court's January 15th order. *See, e.g.*, *Town of Mamakating, N.Y. v. Lamm*, No. 15-CV-2865, 2015 WL 5311265, at *10 (S.D.N.Y. Sept. 11, 2015) (dismissing RICO claims against a defendant that had not yet appeared where the claims were the same as those asserted against the other defendants and thus "suffer[ed] the same defects"), *aff'd* 651 F. App'x 51 (2d Cir. 2016). Further, the Court declines to exercise supplemental jurisdiction over the state-law claims against Scala. Because Plaintiffs have the right to be heard, they may file a letter

4

with the Court with any objection to Scala's dismissal within seven days of this Order.

Accordingly, the Court declines to exercise supplemental jurisdiction over the sole remaining state-law claim asserted under the New York State Constitution against the City Defendants, and dismisses Scala Contracting Co., Inc. sua sponte.  Plaintiffs may file an objection to the dismissal of Scala within seven days of the date of this Order.


SO ORDERED.

        /s Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:    January 27, 2021
          Brooklyn, New York